UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BADGER AUCTIONEERS, INC.,

    Plaintiff,

v.                                                      Case No:   6:16-cv-572-Orl-31TBS

ZAID ALI and MY FRESH MARKET
CORP.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are:

- Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against Zaid Ali (Doc. 22);

- Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against My Fresh Farm Market Corp. (Doc. 23);

- Defendant Zaid Ali's Motion to Vacate Clerk's Entry of Default (Doc. 26);

- Defendant Zaid Ali's Motion to Remove Personal Name and Dismiss Case (Doc. 27);

- Defendant Zaid Ali's Motion to Vacate Clerk's Entry of Default (Doc. 28); and

- Defendant Zaid Ali's Motion to Remove Personal Name (Doc. 28).

Upon due consideration, I respectfully recommend that all of these motions be **denied**.

## Background

Plaintiff, Badger Auctioneers, Inc., "is a licensed auctioneer and conducts auction

sales throughout the country, including in the State of Florida," through an online service called Proxibid, which enables bidders to participate in the auction without appearing in person (Doc. 1, ¶¶ 7-8). On March 23, 2015, Plaintiff held an auction to dispose of property from a former Publix Supermarket located in Tampa, Florida (Id., ¶ 9). Plaintiff alleges that Defendant Zaid Ali "bid aggressively" at the auction, purchasing $100,993.02 worth of items (Id., ¶¶ 7-8, 22). Ali presented a Visa credit card to pay for his purchases but when Plaintiff submitted the charge, it was declined (Id., ¶¶ 21-23). Removal of the auctioned items began on March 24, 2015 (Id. at ¶ 25). At that time, Ali told Plaintiff he would bring sufficient cash to pay for his purchases (Id.). On March 25, Plaintiff successfully charged $5,000 to Ali's credit card (Id., ¶¶ 26-27). The parties negotiated and Plaintiff agreed to accept $56,005 for Ali's purchases (Id., ¶ 28). Ali paid Plaintiff $21,000 in cash on March 27, 2015, leaving a balance due of $30,995 (Id.). Ali gave Plaintiff a check for the balance, drawn on the account of Defendant My Fresh Market Corp. (Id., ¶ 29). The check, which Ali signed, was dishonored by the bank (Id., ¶ 31). Plaintiff brings this action for breach of contract, conversion, fraudulent check prohibited by Florida Statute § 68.065, unjust enrichment, and fraud upon the auction (Id.).

Ali is the president and registered agent for My Fresh Market (Doc. 11).[1] The official address listed for Ali is: 3830 Dairy Rd, Melbourne, FL 32904, which is a residential address.[2] The principal address for the corporation is: 1719 N. Wickham Rd., Melbourne, FL 32935, and the mailing address is: 2263 W. New Haven Ave., Melbourne,

---

[1] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MYFRESHMARKET%20P140000183590&aggregateId=domp-p14000018359-75772366-0c96-4de2-84bf-03516c06c2cc&searchTerm=%22My%20Fresh%20Market%22&listNameOrder=MYFRESHMARKET%20P140000183590

[2] http://www.zillow.com/homedetails/3830-Dairy-Rd-Melbourne-FL-32904/80759808_zpid/

FL 32904 (a UPS store).[3] Plaintiff's process server attempted service at the Dairy Road address but the home owner, John Congliardo, told him Ali had moved (Doc. 11). The process server then went to the UPS mail box post at 2263 W. New Haven Ave., Melbourne, FL 32904 and served both Defendants by serving Alex Repass, an associate employee at the store (Docs. 10, 11).The returns of service do not show any attempts to serve either Defendant at the Wickham Road address.

On June 23, 2016, the Clerk of Court entered defaults against the Defendants, pursuant to FED. R. CIV. P. 55(a) (Docs. 14, 15). On June 24, 2016, Plaintiff sought entry of default judgment against both Defendants (Docs. 16, 17). I denied the motions without prejudice due to Plaintiff's failure to comply with Local Rule 3.01(a) (Docs. 18, 19). Plaintiff has now filed amended motions for default judgments against both Defendants, which were referred to me for report and recommendation (Docs. 22, 23). Ali has filed multiple motions to set aside the defaults, to remove his name from this case, and to dismiss Plaintiff's complaint (Docs. 26-28). Plaintiff has not responded to these motions and the time within to do so has passed.

## Discussion

Plaintiff's entitlement to default judgment depends, in the first instance, upon whether it obtained good service of process on Ali and My Fresh Market. Federal Rule of Civil Procedure 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and

---

[3] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MYFRESHMARKET%20P140000183590&aggregateId=domp-p14000018359-75772366-0c96-4de2-84bf-03516c06c2cc&searchTerm=%22My%20Fresh%20Market%22&listNameOrder=MYFRESHMARKET%20P140000183590

complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

> A plaintiff may serve a corporate defendant by,
>
>> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

> In Florida, service on an individual at a private mailbox is allowed,
>
>> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

FLA. STAT. § 48.031(6)(a).

Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation

under FLA. STAT. 48.091.[4] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a). A corporation may also be served at a private mailbox, pursuant to FLA. STAT. § 48.081(3)(b). This statute provides that,

> If the address for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.

FLA. STAT. § 48.081(3)(b).

In order for service to a corporation at a private mailbox to be valid under § 48.081(3)(b), Plaintiff must satisfy certain prerequisites. It "must show (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) that the only address discoverable through public

---

[4] FLA. STAT. § 48.091 provides that:

> (1)   Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2)   Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

records for the corporation, its officers, directors, or registered agent was a private mailbox, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge." Cruz v. Petty Transp., LLC, No. 6:08CV498-ORL-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008).

Plaintiff's Returns of Service do not demonstrate that service on Ali or My Fresh Market was attempted at the Wickham Road address and I will not speculate. The Wickham Road address is in the public record as being linked to My Fresh Market. It seems to have been – at least at some point prior to the start of this litigation – a viable address for both Defendants. It is listed in the state's business records and in the complaint as the principal address for the corporation (Doc. 1 at 1; Doc. 1-1 at 4, 14) [5] Also, in the exhibits to the complaint, Plaintiff includes an "Affidavit of Mailing" from a State of Wisconsin circuit court case which lists: 1719 N. Wickham Road, Melbourne, FL 32935 as Ali's mailing address (Doc. 1-1 at 22).

Plaintiff has not carried its burden of establishing that the UPS mailbox address was the only address discoverable through public records for Ali or My Fresh Market. Therefore, because Plaintiff has not demonstrated compliance with Rule 4 or the applicable Florida Statutes, I respectfully recommend that the district judge deny Plaintiff's motions for default judgment against Ali and My Fresh Market. See Altamirano

---

[5] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MYFRESHMARKET%20P140000183590&aggregateId=domp-p14000018359-75772366-0c96-4de2-84bf-03516c06c2cc&searchTerm=%22My%20Fresh%20Market%22&listNameOrder=MYFRESHMARKET%20P140000183590

v. Le Kabob, LLC, No. 12-cv-21335, 2013 WL 359730, at *5 (S.D. Fla. Jan. 11, 2013); Kramer v. MRT, LLC, No. 07-80931-CIV, 2008 WL 877211, at *1 (S.D Fla. April 1, 2008).

The motions filed by Ali on behalf of himself and My Fresh Market are deficient for various reasons, both substantive and procedural. They all violate Local Rule 3.01(a). On at least three occasions, I have advised the parties that pursuant to the local rules of this court, "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request ..." M. D. FLA. R. 3.01(a), see (Docs. 18, 19, 21). A motion that is devoid of any argument as to why the movant is entitled to relief shall be denied. Cf. Supermedia, LLC v. W.S. Mktg., Inc., No. 8:11-cv-296-T-33TBM, 2011 WL 3625627, at *2 (M.D. Fla. Aug. 17, 2011); Hickman v. Wal-Mart Stores, 152 F.R.D. 216, 219 (1993); Lanzaro-Schroeder v. Schroeder, Case No. 6:13-cv-1404-Orl-36TBS, 2014 U.S. Dist. LEXIS 63061, at *2 (M.D. Fla. April 9, 2014). None of the motions contain legal authority or legal argument and they should be denied on this ground.

Additionally, as a corporation, My Fresh Market may not defend itself in this case except through an attorney who is a member of the bar of this Court. Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."); see also Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (collecting cases). Unless My Fresh Market Inc. obtains a lawyer admitted to practice in this Court, it may not appear and defend this action.

Additionally, Ali, who it appears, is not a lawyer, may not represent My Fresh Market in this Court.

## Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the district court

1. **DENY** Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against Zaid Ali (Doc. 22).

2. **DENY** Plaintiff's Amended and Renewed Motion for Entry of Default Judgment Against My Fresh Market Corp. (Doc. 23).

3. **DENY** Defendant's Motion to Vacate Clerk's Entry of Default (Doc. 26).

4. **DENY** Defendant's Motion to Remove Personal Name and Dismiss Case (Doc. 27).

5. **DENY** Defendant's Motion to Vacate Clerk's Entry of Default and Motion to Remove Personal Name (Doc. 28).

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 27, 2016

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties