UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BADGER AUCTIONEERS, INC.,

    Plaintiff,

v.                                              Case No:   6:16-cv-572-Orl-31TBS

ZAID ALI and MY FRESH MARKET
CORP.,

    Defendants.

## REPORT AND RECOMMENDATION

The following motions are pending before the Court:

- Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against Zaid Ali (Doc. 22);

- Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against My Fresh Farm Market Corp. (Doc. 23); and

- Defendants' Amended Motion to Vacate Clerk's Defaults (Doc. 37).

Upon due consideration, I respectfully recommend that Defendants' motion be **granted** and Plaintiff's motions be **denied**.

### Background

Plaintiff, Badger Auctioneers, Inc., "is a licensed auctioneer and conducts auction sales throughout the country, including in the State of Florida," through an online service called Proxibid, which enables bidders to participate in the auction without appearing in person (Doc. 1, ¶¶ 7-8). On March 23, 2015, Plaintiff held an auction to dispose of property from a former Publix Supermarket located in Tampa, Florida (Id., ¶ 9). Plaintiff alleges that Defendant Zaid Ali "bid aggressively" at the auction, purchasing $100,993.02

worth of items (Id., ¶¶ 7-8, 22). Ali presented a Visa credit card to pay for his purchases but when Plaintiff submitted the charge, it was declined (Id., ¶¶ 21-23). Removal of the auctioned items began on March 24, 2015 (Id. at ¶ 25). At that time, Ali told Plaintiff he would bring sufficient cash to pay for his purchases (Id.). On March 25, Plaintiff successfully charged $5,000 to Ali's credit card (Id., ¶¶ 26-27). The parties negotiated and Plaintiff agreed to accept $56,005 for Ali's purchases (Id., ¶ 28). Ali paid Plaintiff $21,000 in cash on March 27, 2015, leaving a balance due of $30,995 (Id.). Ali gave Plaintiff a check for the balance, drawn on the account of Defendant My Fresh Market Corp. (Id., ¶ 29). The check, which Ali signed, was dishonored by the bank (Id., ¶ 31). Plaintiff brings this action for breach of contract, conversion, fraudulent check prohibited by Florida Statute § 68.065, unjust enrichment, and fraud upon the auction (Id.).

Ali is the president and registered agent for My Fresh Market (Doc. 11).[1] The official address listed for Ali is: 3830 Dairy Rd, Melbourne, FL 32904, which is a residential address.[2] The principal address for the corporation is: 1719 N. Wickham Rd., Melbourne, FL 32935, and the mailing address is: 2263 W. New Haven Ave., Melbourne, FL 32904 (a UPS store).[3] Plaintiff's process server attempted service at the Dairy Road address but the home owner, John Congliardo, told him Ali had moved (Doc. 11). The

---

[1] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MYFRESHMARKET%20P140000183590&aggregateId=domp-p14000018359-75772366-0c96-4de2-84bf-03516c06c2cc&searchTerm=%22My%20Fresh%20Market%22&listNameOrder=MYFRESHMARKET%20P140000183590

[2] http://www.zillow.com/homedetails/3830-Dairy-Rd-Melbourne-FL-32904/80759808_zpid/

[3] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MYFRESHMARKET%20P140000183590&aggregateId=domp-p14000018359-75772366-0c96-4de2-84bf-03516c06c2cc&searchTerm=%22My%20Fresh%20Market%22&listNameOrder=MYFRESHMARKET%20P140000183590

process server then went to the UPS mail box post at 2263 W. New Haven Ave., Melbourne, FL 32904 and served both Defendants by serving Alex Repass, an associate employee at the store (Docs. 10, 11).The returns of service do not show any attempts to serve either Defendant at the Wickham Road address.

On June 23, 2016, the Clerk of Court entered defaults against the Defendants, pursuant to FED. R. CIV. P. 55(a) (Docs. 14, 15). On June 24, 2016, Plaintiff sought entry of default judgment against both Defendants (Docs. 16, 17). I denied the motions without prejudice due to Plaintiff's failure to comply with Local Rule 3.01(a) (Docs. 18, 19). Plaintiff filed amended motions for default judgments against both Defendants, which were referred to me for report and recommendation (Docs. 22, 23). Defendants' motions to vacate the clerk's default (Docs. 26, 28) and its motions to remove personal name and dismiss the case (Docs. 27, 28) were also referred to me. On October 27, 2016, I issued a report and recommendation to the district judge that he deny all the motions (Doc. 31).

On November 8, 2016, Plaintiff objected to my report and recommendation (as it pertained to the motions at Docket Entries 22 and 23) and stated that it learned of the Wickham Road address prior to filing the lawsuit, but did not attempt service of process because it was not a viable address, adding that the "My Fresh Market located at this address was [boarded up and] closed for business" (Doc. 32 at ¶ 5).

On November 29, 2016, the district judge sustained Plaintiff's objections and remanded the matter to me for reconsideration of the motions for default judgment (Doc. 36). In between the time I entered the report and recommendation and the district judge entered his order, Defendants retained legal counsel (Doc. 33). On December 8, 2016, Defendants' counsel renewed the motion to vacate the clerk's defaults (Doc. 37). Plaintiff has not responded to the amended motion to vacate the Clerk's defaults and the time

within to do so has passed. Therefore, I have construed Defendants' motion as unopposed. See Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.")); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").The motion to vacate, as well as the remanded motions for default judgment, are ripe for review.

## Discussion

A district court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In evaluating "good cause," the court principally considers the following three factors: "(1) whether the default was the result of culpable or willful conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). "Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default." Perez v. Customer Care Servs., LLC, Case No. 8:16-cv-222-T-33JSS, 2016 WL 1721742, at *2 (M.D. Fla. April 29, 2016).

The Clerk entered defaults against Defendants on June 23, 2016 (Docs. 14 and 15). Defendants – appearing pro se – sought to vacate those defaults (Docs. 26 and 28), and on October 27, 2016, I recommended that the motions to vacate be denied because they violated Local Rule 3.01(a):

> The motions filed by Ali on behalf of himself and My Fresh Market are deficient for various reasons, both substantive and procedural. They all violate Local Rule 3.01(a). On at least three occasions, I have advised the parties that pursuant to the local rules of this court, "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request ..." M.D. FLA. R. 3.01(a), see (Docs. 18, 19, 21). A motion that is devoid of any argument as to why the movant is entitled to relief shall be denied. Cf. Supermedia, LLC v. W.S. Mktg., Inc., No. 8:11-cv-296-T-33TBM, 2011 WL 3625627, at *2 (M.D. Fla. Aug. 17, 2011); Hickman v. Wal-Mart Stores, 152 F.R.D. 216, 219 (1993); Lanzaro-Schroeder v. Schroeder, Case No. 6:13-cv-1404-Orl-36TBS, 2014 U.S. Dist. LEXIS 63061, at *2 (M.D. Fla. April 9, 2014). None of the motions contain legal authority or legal argument and they should be denied on this ground.

(Doc. 31 at 7). I also advised Defendants that they were expected to confer with Plaintiff's counsel before filing the motion and that it was improper for My Fresh Market to appear in the case except through an attorney who is a member of the bar of this Court (Id.). The district judge adopted this recommendation on November 29, 2016 (Doc. 36).

Now, Defendants' counsel argues that good cause exists to grant the renewed motion and set aside the defaults. The Clerk of Court entered defaults pursuant to FED. R. CIV. P. 55(a), due to Defendants' failure to answer or otherwise defend Plaintiff's complaint (Docs. 14 and 15). Plaintiff initiated this action on April 5, 2016 and Defendants represent that they "became aware of the complaint when they retrieved their mail from the UPS Store" where substitute service was attempted, on or around June 18 or 19, 2016 (Doc. 37 at ¶ 6). Defendants argue that their failure to answer the complaint was negligent and that mere negligence is insufficient to support a default judgment (Id. at ¶ 19) (citing James v. Progress Energy Florida, Inc., No. 5:11-cv-175-Oc-32TBS, 2011 WL 3585816, at *2 (M.D. Fla. Aug. 16, 2011)). Defendants also argue that Plaintiff will suffer no prejudice if the Court sets aside the defaults (Id. at ¶ 21). As Defendants observe,

- 5 -

"Plaintiff has not served any discovery in this proceeding, and the parties have not yet conducted a case management conference. By extension, there is no scheduling order entered on the docket, which means that there are no litigation dates that Plaintiff has been unable to meet due to Defendants' prior actions." (Id.).

Defendants further argue that they have cured the defects in the motion that was previously denied by the Court,

> First, the instant motion cures local rule 3.01(a), which requires a memorandum of law to support relief requested. Second, the undersigned has attempted three times to confer with opposing counsel in good faith, pursuant to local rule 3.01(g), to resolve the issues briefed in this motion. See Ex. A. And third, Defendant My Fresh Market Corp., a corporate defendant, is now represented by the undersigned who is a member of the bar, as provided by local rule 2.03(e).

(Doc. 37 at 5).

For these reasons, and in light of the judicial preference for a trial on the merits, I respectfully recommend that the district judge find that good cause exists to set aside the Clerk's entry of default against Defendants and

(1) **GRANT** Defendants' Amended Motion to Vacate Clerk's Defaults (Doc. 37);

(2) **DENY** Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against Zaid Ali (Doc. 22);[4]

---

[4] I recommend that the district judge accept the representations made by Plaintiff in its objection to the report and recommendation (Doc. 32) and conclude that service was properly effected on both Defendants. However, in light of the unique circumstances of this case, I recommend that the district judge deny Plaintiff's motions for default judgment. A final default judgment does not automatically follow from a clerk's default. See DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment); Sobkowski v. Wyeth, Inc., No. 5:04 CV 96-OC-10GRJ, 2004 WL 3569703, at *2 (M.D. Fla. June 4, 2004) report and recommendation adopted, No. 5:04-CV-96-OC-10GRJ, 2004 WL 3569702 (M.D. Fla. July 12, 2004) ("While Defendant's failure to timely file a response may have been negligent, Defendant's conduct is far from being considered culpable and does not suggest conduct that evidences an intentional or reckless disregard for the judicial proceedings.").

(3) **DENY** Plaintiff's Amended and Renewed Motion for Entry of Default Judgment against My Fresh Farm Market Corp. (Doc. 23);

(4) **DIRECT** Defendants' to **FILE** a response to Plaintiff's complaint within 14 days of the rendition of the Court's order; and

(5) **DIRECT** the parties to **CONDUCT** a Case Management Conference within 21 days of the rendition of the Court's order (and file a Case Management Report in conformance with the Related Case Order and Track Two Notice (Doc. 2)).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record