UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BADGER AUCTIONEERS, INC.,

    Plaintiff,

v.                                           Case No:   6:16-cv-572-Orl-31TBS

ZAID ALI and MY FRESH MARKET
CORP.,

    Defendants.

## ORDER

This case comes before the Court, without oral argument, on Defendants' Motion to Compel Production of Documents and Overrule Objections (Doc. 90). Plaintiff has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court construes Defendants' motion as unopposed.

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

Plaintiff conducted an auction at which it says, Defendant Zaid Ali was a registered bidder (Doc. 66, ¶¶ 10-11). According to Plaintiff, Ali was the high bidder for certain merchandise that was auctioned off (Id., ¶ 23). Plaintiff complains that Ali failed to pay for the merchandise he purchased (Id.). Defendant My Fresh Market Corp. gave Plaintiff a check for a portion of the purchase price but, according to Plaintiff, the check was dishonored (Id., ¶¶ 45-54). My Fresh Market alleges that it had a valid auction contract with Plaintiff which Plaintiff breached (Doc. 75, ¶¶ 29-34). My Fresh Market also alleges that it was defrauded by Plaintiff's chief executive officer, Theodore W. Fleisner (Doc. 76). These appear to be the only business transactions between the parties (Doc. 90 at 6).

Defendants propounded the following requests for production and received the following responses from Plaintiff:

> 18. Copies of emails between Fleisner and Ali concerning the March 2015 auction.
>
> RESPONSE: Objection; seeks information not relevant to defendants' claims or defenses.
>
> 19. Copies of emails between Fleisner and My Fresh Market concerning the March 2015 auction.
>
> RESPONSE: Objection; seeks information not relevant to defendants' claims or defenses.
>
> 20. Copies of emails between any of your employees since this lawsuit began, concerning or relating to My Fresh Market.
>
> RESPONSE: Objection; it would be overly broad and unduly burdensome and not likely to lead to evidence relevant to defendants' claims or defenses to search through all employees' emails for emails referring to My Fresh Market.
>
> 21. Copies of emails between any of your employees since this lawsuit began, concerning or relating to Ali.
>
> RESPONSE: Objection; it would be overly broad and unduly burdensome and not likely to lead to evidence relevant to

> defendants' claims or defenses to search through all
> employees' emails for emails referring to Mr. Ali.

(Doc. 90 at 3-4).

Defendants contend that Plaintiff has failed to properly comply with its discovery obligations in that Plaintiff asserted inappropriate objections to these requests (Id., at 5). Defendants ask the Court to overrule the objections and compel production of the requested information (Id.). Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(B-(C). Plaintiff's objections do not satisfy the requirements of the rule and are therefore, **overruled**.

Plaintiff objects to some of Defendants' discovery on the basis of relevancy. In discovery, "requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Builders Flooring Connection, LLC v. Brown Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). According to its notes, "[the Advisory] Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the

GAP Report). Defendant's objections based on relevancy are not explained with specificity and are therefore, **overruled**.

"Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit …." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). Courts routinely reject boilerplate objections. See Gonzalez v. ETourand Travel, Inc., No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014); Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); Mendez v. Land Inv'r, Corp., No, 2:12-cv-158-FtM-29S PC, 2012 WL 6012906, at *1 (M.D. Fla. Dec.3, 2012); Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov.1, 2012). Because they are meaningless boilerplate, Plaintiff's remaining objections are **overruled**.

When a motion to compel is granted:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5). None of the exceptions apply. Accordingly, Defendants shall recover their reasonable attorney's fees and costs incurred to prosecute this motion to compel.

Now, the motion to compel (Doc. 90) is **GRANTED**. All of Plaintiff's objections to requests for production numbered 18-21 are **OVERRULED**. Within **seven days** from the rendition of this Order, Plaintiff shall produce to Defendants, all information in Plaintiff's possession or under its control that is responsive to Defendants' requests for production numbered 18-21. In addition, Defendants are **AWARDED** their reasonable attorney's fees and costs for the motion to compel. The parties shall agree on the amount or, if they are unable to agree, Defendants shall have 14 days from the rendition of this Order to file their motion for fees and costs and Plaintiff will be allowed 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on September 15, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties