# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BADGER AUCTIONEERS, INC.,**

    **Plaintiff,**

v().                                                   Case No:   6:16-cv-572-Orl-31TBS

**ZAID ALI and MY FRESH MARKET CORP.,**

    **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Attorney's Fees (Doc. 152) filed by the Plaintiff, Badger Auctioneers, Inc. (henceforth, "Badger"), and the response in opposition (Doc. 154) filed by the Defendants, Zaid Ali and My Fresh Market Corp. Badger prevailed at trial. (Doc. 149). It now seeks to recover its attorney's fees based on the following provision of the Terms of Sale between the parties:

> The buyer is responsible for attorney, other judicial fees and expenses involved on the collection of outstanding invoices.

(Doc. 154-1 at 2). It also seeks to recover its costs pursuant to Fed.R.Civ.P. 54.

To be enforceable under Florida law, an agreement providing for the award of attorney's fees must be clear and specific. *Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Ass'n, Inc.*, 997 So.2d 433, 435 (Fla. 2d DCA 2008). The cited provision is neither. For one thing, it does not specify whether the buyer is responsible for its own fees or for those of Badger. Further, assuming that the provision was intended to require that the buyer pay Badger's fees, it is not clear as to what circumstances would trigger it. Does it apply whenever Badger succeeds in collecting

on an invoice, or only when Badger does so after litigation – or does the lack of any "prevailing party" language mean it applies even when Badger makes an unsuccessful effort to collect?

Based on the foregoing, the Court finds that the attorney's fee provision is insufficiently clear and specific to be enforceable. Accordingly, it is hereby

**ORDERED** that the portion of the Motion for Attorney's Fees (Doc. 152) in which the Plaintiff seeks to recover its fees is **DENIED**.

In addition, the portion of the Motion in which the Plaintiff seeks to recover its costs pursuant to Rule 54 is **REFERRED** to the Magistrate Judge.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 10, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE