UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BADGER AUCTIONEERS, INC.,

      Plaintiff,

v.                                    Case No: 6:16-cv-572-Orl-31TBS

ZAID ALI and MY FRESH MARKET
CORP.,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs (Doc. 152). This case was tried to a jury on February 28 and March 1, 2018 (Docs. 131 and 135). The jury returned a verdict for $74,991.01 in favor of Plaintiff Badger Auctioneers, Inc., and against Defendant Zaid Ali (Doc. 149). On March 16, 2018, Plaintiff filed a motion for attorney's fees and costs (Docs. 152 and 153). On March 30, 2018, Defendant filed a response in opposition (Doc. 154). On April 10, 2018, the district judge denied Plaintiff's motion for fees and referred the request for costs to me (Doc. 156).

      Plaintiff claims the following costs of this action:

| | |
|---|---|
| Postage | $28.44 |
| Lexis Legal Research | $223.04 |
| Southwest Airlines | $319.63 |
| Hyatt Place | $252.22 |
| Hilary High Mediation | $787.50 |
| American Airlines | $231.20 |
| Lot A EPS | $80.00 |
| Expedia | $1.82 |
| Frontier Airlines | $241.17 |

| | |
|---|---|
| LAZ Parking | $7.00 |
| Sixt Rent-A-Car | $166.68 |
| Wally Park Chicago | $47.90 |
| Interparking | $6.00 |
| Checkers | $9.38 |
| Salem's Gyros | $12.30 |
| Fratelli's Gyros | $2.94 |
| Jimmy John's | $19.76 |
| Marche C. Ulele: Tampa | $56.38 |
| KFC | $5.35 |
| National Court Reporters | $4,507.55 |
| New Jersey Lawyer Service | $69.00 |
| Witness Fee | $120.00 |
| Total | $7,195.26 |

(Doc. 153, ¶ 16). Curiously, although the clerk may tax costs, Plaintiff did not file a bill of costs. FED. R. CIV. P. 54(d)(1).

Defendant objects to all of Plaintiff's costs except the $4,507.55 paid to National Court Reporters, the $120.00 witness fee, and the $400.00 filing fee (Doc. 154 at 4). Defendant acknowledges that under the Florida Statewide Uniform Guidelines for Taxation of Costs the $787.50 mediation fee may also be recoverable (Id.).

A prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. See FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) does not, however, "permit 'unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case.'" Scelta v. Delicatessen Support Servs. Inc. et al., 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Under Rule 54(d)(1) costs are limited to the items enumerated in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920; see Scelta, 203 F. Supp. 2d at 1339. Section 1920 governs the recovery of costs in diversity cases and is only supplanted when state law explicitly expands the scope of costs allowed under § 1920. Jablonski v. St. Paul Fire & Marine Ins. Co., Civil Action No. 2:07-cv-00386, 2010 U.S. Dist. LEXIS 34176, at * 34 (M.D. Fla. April 7, 2010) ("'[T]he issue of costs is not determined by state law in a diversity case" … Instead, 28 U.S.C § 1920 determines the ability to shift costs … The only exception by which state law provides the rules for determining costs is where the applicable state law expands the costs allowed under § 1920.").

The Eleventh Circuit has held that mediation fees, meals, attorney travel expenses, and other "costs such as general copying, computerized legal research, [courier/]postage, courthouse parking fees and expert witness fees"[1] are not recoverable under § 1920. Gary Brown & Assocs. v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008) (internal citations omitted) (quoting Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)); Fine v. Baer, Case No. 5:15-cv-21-Oc-28PRL, 2017 WL 1437461, at 9 (M.D. Fla. April 5, 2017) ("[T]he mediator fee is not recoverable.") (citing Nicholas v. Allianceone Receivables Mgmt, Inc., 450 F. App'x 887, 888 (11th Cir. 2012)); see Reis v.

---

[1] However, fees for non-expert witnesses are compensable under § 1920. Crawford Fitting Co. v. J.T. Gibbons, Insc., 482 U.S. 437, 440-441 (1987) ("The [recoverable] witness fee specified in § 1920(3) is defined … [as] a witness in attendance at any court of the United States …").

Thierry's Inc., No. 08-20992-CIV-TURNOFF (LENARD), 2010 WL 1249076, at *3 (M.D. Fla. Mar. 25, 2010) ("[M]ediation costs are not recoverable under § 1920"); Villaneuva-Gonzalez v. Grainger Farms, Inc., No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677, at *8 (M.D. Fla. Aug. 9, 2011); Copely v. Superior Logistics Alternative, Inc., No. 1:10-cv-0009-MEF, 2011 WL 1165476, at *5 (M.D. Ala. Mar. 30, 2011); Reinhold v. Durango Steakhouse of Titusville, Inc., No. 6:05-cv-1090-Orl-22JGG, 2007 WL 470504, at *1 (M.D. Fla. Feb. 13, 2007) (citing Scelta, 203 F. Supp. 2d at 1339); see also Jablonski, 2010 U.S. Dist. LEXIS 34176, at * 38.

Applying the applicable law to this case, I respectfully recommend that Plaintiff's motion for costs be **GRANTED** to the extent it seeks to recover the $4,507.55 paid to National Court Reporters; the $69.00 paid to New Jersey Lawyer Service for service of process; the $120.00 witness fee; and the $400.00 filing fee. This makes a total of **$5,096.55** that should be taxed in favor of Plaintiff and against Defendant Zaid Ali. In all other respects, I recommend that the motion be **DENIED**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on April 17, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record